IRVING K. BAXTER, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Motion No. 1284.)

Court of Claims, August 20, 1947.

*Irving K. Baxter,* claimant in person.

*Nathaniel L. Goldstein, Attorney-General (Arthur W. Mattson* and *David Marcus* of counsel), for defendant.

LOUNSBERRY, J. This is a motion for leave to file a claim against the State of New York for assault and battery, false arrest, false imprisonment and malicious prosecution alleged to have been committed by officers and employees of the State of New York.

On June 21, 1945, movant was arrested by State Policeman H. D. Greene for speeding near the city of Utica and transported to the State Police Barracks at New Hartford, New York, and thence to the office of Justice of the Peace Jones where he was arraigned on the charge of speeding. Subsequently a trial was held and the movant convicted as charged. Upon appeal to the County Court of Oneida County, this conviction was reversed on January 23, 1946. It also appears that movant was, during the month of July, 1945, arrested at Whitesboro, **New York, and convicted of another motor vehicle violation,**

which conviction was appealed to the County Court of Oneida County and affirmed. Movant makes reference to this conviction in both his moving papers and argument.

Movant was stopped on the State highway by State Policeman H. D. Greene and requested to show his operator's license. This the movant refused to do and also refused to get out of his automobile and accompany Policeman Greene. Policeman Greene then used some force in taking movant from his car, which is the assault complained of. As a result of this incident, movant claims to have suffered personal injuries.

Movant claims false arrest as a result of the State Policeman taking him in his custody to the barracks at New Hartford and thence to the office of the Justice of the Peace, also because the conviction on the motor vehicle violation charge was reversed by the County Court.

Movant claims he was continuously subjected to malicious prosecution because he was called before the representative of the Commissioner of Motor Vehicles for a hearing as a result of the conviction for the motor vehicle violation on June 21, 1945. As a result of the hearing, movant's operator's license was revoked and he was ordered to surrender the same. The State Police made several visits to his place of employment and his home for the purpose of obtaining such license, which movant consistently refused to surrender.

Shortly after the motor vehicle hearing, movant obtained an order in Supreme Court to show cause with stay why said order of revocation should not be vacated and his driver's license restored. Some time later the Supreme Court judge, before whom the argument was made on this show cause order, dismissed the motion. Later movant made application to the Honorable JOHN T. LOUGHRAN, Chief Judge of the Court of Appeals, for leave to appeal to that court from the order of affirmance of the Oneida County Court of the second conviction for violation of the motor vehicle law, which occurred at Whitesboro. This petition was denied.

Movant further claims that he was maliciously prosecuted as the result of receiving a notice from the Commissioner of Motor Vehicles; that his automobile insurance was about to be cancelled by the insurance company carrying the same, and that he would be required to furnish proof of financial responsibility. Movant claims he was the subject of malicious prosecution because he was contacted by State Police at various times from the date of the revocation of his driver's license to January 18, 1947, requesting and demanding that he

surrender to them his operator's license, pursuant to the order of the Commissioner of Motor Vehicles.

Movant has failed to file any notice of intention to file a claim as provided in the Court of Claims Act (L. 1939, ch. 860) and now seeks permission to file his claim.

The provisions for filing claims, such as alleged by movant, are provided for in subdivisions 3 and 4 of section 10 of the Court of Claims Act, as follows:

Subdivision 3: " * * * shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim."

Subdivision 4: " * * * shall be filed within six months after the accrual of such claim, unless the claimant shall within such time file a written notice of intention to file a claim therefor in which event the claim shall be filed within two years after such accrual."

It appears that if the movant had any claim for assault and battery, false arrest and false imprisonment it accrued upon the 21st day of June, 1945, the date on which he claims these acts occurred.

The only excuse given by movant for failure to file, as provided by the Court of Claims Act, is that he was unable to ascertain the extent of his physical injuries as the result of the alleged assault and battery, and that the acts of malicious prosecution were continuous up to January 18, 1947.

Any claim arising out of the alleged mistreatment, assault and battery, false arrest and false imprisonment accrued on the date of the so-called wrongful invasions of claimant's personal rights. (*Stornelli* v. *United States Gypsum Co.*, 271 N. Y. 582; *Schmidt* v. *Merchants Despatch Trans. Co.*, 270 N. Y. 287; *Dufel* v. *State of New York*, 198 App. Div. 97.) Section 10 of the Court of Claims Act is a Statute of Limitations and the time prescribed by it for the filing of a notice of intention or claim begins to run upon the accrual of the cause of action. (*Undritz* v. *State of New York*, 179 Misc. 467; *Tomasetti Constr. Co.* v. *State of New York*, 186 Misc. 790.)

The claim of the movant that the acts of malicious prosecution were continuous and therefore he was unable to file a claim until such acts ceased is not tenable. It is well settled that where wrongful acts are continuous, a new cause of action accrues each day upon the commission of each new wrong. (*Taylor* v. *Manhattan Railway Co.*, 53 Hun 305.) Such con-

tinuous wrongful acts are treated as separate rights of action and the Statute of Limitations begins to run as to each tort upon its commission. (*Secor* v. *Sturgis*, 16 N. Y. 548; *Wright* v. *Syracuse B. & N. Y. R. R. Co.*, 49 Hun 445, affd. 124 N. Y. 668.)

More than one year elapsed from the time of the reversal of the conviction for the arrest on June 21, 1945, to the filing of notice of this motion.

The State being sovereign is immune from action by a private suitor except when it waives its immunity. When, therefore, the Legislature enacted the present Court of Claims Act, it waived immunity in certain actions against the State, and in waiving such immunity it had the power " to impose such terms and conditions and to prescribe such procedure " as it deemed proper. " The conditions imposed become jurisdictional facts and determine the status and right of the litigant." (*Gates* v. *State of New York*, 128 N. Y. 221, 228.)

Statutory limitations, which are clear and explicit as to the filing of claims against the State or notices of intention to file claim, must be followed. (*Undritz* v. *State of New York, supra.*)

We are of the opinion that the movant has not presented a satisfactory or reasonable excuse for failure to file his claim for the various alleged causes of action within the time prescribed by the Court of Claims Act. On the other hand, movant has been more than negligent in permitting nearly two years to elapse after the accrual of the alleged claims before making any effort to file a claim.

Motion is denied.