Chief Judge Desmond.
 

 In this libel suit defendants’ motion to dismiss the complaint for insufficiency was denied below but the Appellate Division granted defendants leave to appeal here, probably because of our decision in
 
 Drug Research Corp. v. Curtis Pub. Co.
 
 (7 A D 2d 285, revd. 7 N Y 2d 435).
 

 Plaintiff is the manufacturer of a pharmaceutical product known as ‘ ‘ Snooze ’ ’" and all the defendants, it is alleged, had to do in one way or another with the production and exhibition ' on December 26, 1957 of a television program. During the telecast, so the complaint alleges, one of the performers displayed to his audience an object purporting to be a package of plaintiff’s product “ Snooze ” and said: “ ‘ Snooze ’, the new aid for sleep. Snooze is full of all kinds of habit-forming drugs. Nothing short of a hospital cure will make you stop taking Snooze. You’ll feel like a run-down hound dog and lose weight. ’ ’
 

 The complaint says that these statements were false and defamatory, uttered and broadcast maliciously and with the intent of ridiculing and damaging plaintiff and its product. Damages in a large amount are demanded but no special damages are pleaded (see Seelman, Law of Libel and Slander, p. 388;
 
 Drug Research Corp.
 
 v.
 
 Curtis Pub. Co.,
 
 7. N Y 2d 435, 441,
 
 supra).
 
 Defendants insist that this pleading is insufficient because the allegedly televised statements are not defamatory per se of plaintiff itself as distinguished from its product “ Snooze ” and no special damages are set forth. The courts below were right in rejecting those contentions. Reasonably read, the broadcast words could be held by a jury to be as to plaintiff as well as to its product “of so defamatory a nature
 
 *463
 
 as to directly affect credit and to occasion pecuniary injury ’ ’
 
 (Reporters’ Assn.
 
 v.
 
 Sun Print. & Pub. Assn.,
 
 186 N. Y. 437, 441;
 
 First Nat. Bank
 
 v.
 
 Winters, 225 N.
 
 Y. 47).
 

 Since the
 
 Drug Research Corp.
 
 decision (7 N Y 2d 435,
 
 supra)
 
 is our most recent in this general field we will first discuss that case. Plaintiff Drug Research Corporation was the manufacturer of the disparaged pill. We dismissed its complaint because while the magazine article discussed plaintiff’s product and charged another corporation with fraudulent advertising and marketing practices as to the product, there was nothing in the article defamatory of plaintiff itself. “ The article in its entirety ”, we wrote (7NY 2d, p. 440) ‘1 is at variance with the allegation that it was written of and concerning the plaintiff.” All the members of this court were in agreement as to the applicable rule but we differed as to the meaning of the particular magazine article complained of.
 

 The clear distinction between this case and
 
 Drug Research Gorp. (supra)
 
 is that this allegedly telecast language could readily be understood by the television audience as charging the manufacturer of “ Snooze ” with fraud and deceit in putting on the market an unwholesome and dangerous product
 
 (Larsen
 
 v.
 
 Brooklyn Daily Eagle,
 
 165 App. Div. 4, affd. 214 N. Y. 713). Mere disparagement of the quality, design and performance of a rifle manufactured by plaintiff were held in the famous case of
 
 MarlinFire Arms Go.
 
 v.
 
 Shields
 
 (171 N. Y. 384) not to be libelous per se as to the manufacturer. But the
 
 Marlin
 
 opinion carefully pointed out (p. 390) that the words published by defendant, while they criticized the firearm, did not charge that ‘ ‘ plaintiff was guilty of any deceit in vending, or want of skill in manufacturing the gun.” Two older cases cited with approval in
 
 Marlin Fire Arms Co.
 
 v.
 
 Shields
 
 explain the rule in its entirety.
 
 Tobias
 
 v.
 
 Harland
 
 (4 Wend. 537, 543) held that “ when the words are spoken, not of the trader or manufacturer, but of the quality of the articles he makes or deals in, to render them actionable,
 
 per se,
 
 they must import that the plaintiff is guilty of deceit or malpractice in the making or vending of them.” The other similar decision approved by
 
 Marlin
 
 was
 
 Le Massena
 
 v.
 
 Storm
 
 (62 App. Div. 150), the opinion in which said (p. 154) that words defamatory of property are libelous per se as to its owner when they impute to him
 
 ‘ ‘
 
 dishonesty, fraud, deception or other misconduct in his trade or business in connection with the property ’ ’
 
 *464
 
 (for an interesting modern application of the rule see
 
 Tex Smith, Inc.,
 
 v.
 
 Godfrey, 198
 
 Misc. 1006).
 

 We conclude that this complaint alleges the making of a statement which was libelous per se as to plaintiff within the settled rule that makes the pleading of special damages unnecessary when the ‘ ‘ language as a whole, considered in its ordinary meaning, naturally and proximately was [is] so injurious to the plaintiff that the court will presume without any proof, that his reputation or credit has been thereby impaired ”
 
 (O’Connell
 
 v.
 
 Press Pub. Co.,
 
 214 N. Y. 352, 358). It is not of importance that the television actor did not mention plaintiff by name. The theory of action is that the manufacturer was directly defamed and that plaintiff was the manufacturer.
 

 The order should be affirmed, with costs, and the certified questions answered in the affirmative.
 

 Judges Dye, Fuld, Fboessel, Van Voorhis, Burke and Foster concur.
 

 Order affirmed, etc.