Sidney Squibb, J.
These three motions were argued together before me. Claimant who appears in person, simultaneously had served separate sets of papers in his two motions:
(1) (No. M-14111) “ pursuant to CPLR 3102 (f) ” permitting him ‘ ‘ to discover, inspect and copy the .records of the' state op new yobk’s Central Islip State Hospital, Central Islip, N. Y. which pertain to the claimant and
(2) (No. M-14110) for “ leave to claimant to serve the proposed amended claim as presented herein, upon the ground that the original claim did not contain a fifth cause of action which the claimant was entitled to claim ”.
These motions were returnable on December 14, 1971 when they were adjourned for two weeks. In the interim, the defendant had cross-moved:
(3) (No. M-14142) “ for an order pursuant to Rule 3211 (a) of the CPLR, subdivisions 3 and 5, dismissing the above captioned claim on the ground that this Court does not have jurisdiction in that the said claim was not timely filed.”
The claimant then served a “ reply affidavit ” plus an exhibit. Thereafter, the three motions were argued together before me.
In his moving affidavit sworn to on November 22, 1971 (No. M-14110), Mr. Cross succinctly summarizes his pleaded four causes of actions and his contemplated fifth cause, as follows: “ 4. This Claim was brought by me upon four causes of action. The first cause of action is for medical malpractice, the second cause of action is for false written statements concerning my history, the third cause of action is for false imprisonment, the fourth cause of action is for falsely having me declared mentally incompetent.
“5. At the time of my filing this Claim, I overlooked listing a fifth cause of action, although I do refer to it in paragraphs 10 and 22 of my Claim. This fifth cause of action is for depriving me of my Civil Rights. I have been and am still being deprived of my Civil Rights due to the erroneous medical diagnosis and published false statements concerning my history by New York State’s Central Islip State Hospital. Although the other causes of a'ction are important elements of my Claim, the heart of my Claim is the fact that I have been and am still being deprived of my Civil Rights. This is a continuing wrong, a continuing injury and continuing injustice.”
When filed, the pleading sought a judgment for $8,000,000 comprised of $5,000,000 for the first cause of action and *249 $1,000,000 for each of the three others. The proposed cause of action, the fifth, is for $5,000,000 which would increase the total demand to $13,000,000.
The claimant’s two motions are opposed basically by the defendant’s plea of the Statute of Limitations. These statutory provisions are in section 10 of the Court of Claims Act headed “ Time of filing claims and notices of intention to file claims ”. Subdivision 1 thereof relates to the appropriation of lands, subdivision 2 applies to a death claim, subdivision 3-a involves the torts of the organized militia, etc., and subdivision 4 is concerned with breach of contract. This leaves subdivision 3 for the torts of others, requiring that a claim be filed ‘ within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim.”
The filed verified claim pleads that claimant voluntarily entered the defendant’s hospital on June 7, 1953 (par. 14), remained there continuously until June 9, 1956 and was thereafter discharged on May 27,1957 (par. 10[a]); that “ by a court order on October 26, 1953 ” he had been “ declared mentally incompetent” (par. 41) and “was not adjudicated mentally competent until December 2, 1957 ” (par. 41); “ that he did not have a cause of action until he discovered some of the facts, which was on May 5, 1966 ” (par. 10[b]), that he “ obtained from a third party on May 5, 1966 ” a copy of the hospital’s “ clinical summary of the claimant’s hospitalization, from June 7,1953 to June 9,1956, and to May 27,1957, the date on which the claimant was officially discharged from the hospital ” (par. 29); that in October, 1966, he similarly obtained a letter dated July 15, 1953 [s-ic] from the director of the hospital (par. 26) a copy of a statement dated August 19, 1954 by a physician of defendant’s hospital (par. 27) and a copy of a statement dated January 27,1954 by that same physician (par. 28).
It was not until April 14,1971 that claimant filed in the office of the Clerk of this court, his notice of intention to file claim and served a copy thereof on the Attorney-General. The claim (pleading) verified by claimant on May 12,1971, was filed in the said Clerk’s office on June 1,1971.
From his oral argument of these motions and my reading of his filed and submitted papers, it appears to me that Mr. Cross is an intelligent individual with an extraordinary ability to express himself. He is alertly aware of the legal posture asserted by the defendant. In paragraph 6 of his reply affidavit *250 sworn to on December 20, 1971, claimant endeavors to overcome the two years ’ Statute of Limitations by averring that ‘1 did not discover the true nature of the malpractice and negligence until on or about November 23, 1968.” He recites that the lawyer who then represented him ‘ ‘ first filed my claim against the defendant in 1970, which was within two years after the discovery of the negligence and malpractice ” but that said lawyer ‘ ‘ made an honest mistake in filing this claim in the wrong court. ” It is noted that no notice of claim was filed in this court within two years after the alleged discovery date of “ on or about November 23,1968 ”.
The quoted section of the Court of Claims Act is a complete defense to the first cause of action, the second cause of action, the third cause of action and the fourth cause of action. Accordingly, under the law I am impelled to grant the defendant’s cross motion (No. M-14142) to dismiss claimant’s verified claim filed herein on June 1,1971.
The proposed fifth cause of action is principally a reallegation (par. 45) of his 44 paragraphs constituting the first four causes of action. His final sentence of paragraph 46 is that “ This is a continuing wrong, a continuing injury and a continuing injustice. ’ ’
Unfortunately, Mr. Cross misconstrues his rights and remedies. In situations alleged as at bar, one cannot assert continuity to emasculate Statutes of Limitation and to create or reinstate a cause of action. A cause of action legally rendered nonviable cannot be revived by this strategem, ingenious as it may be. The proposed fifth cause of action does not plead a good cause of action. The claimant’s affidavit in support thereof fails to demonstrate that he has a cause of action such as he endeavors to present to this court. In any event, the Statute of Limitations is a complete bar thereto in this State.
Claimant’s motion (No. M-14110) for permission to serve his proposed amended claim to allege his attempted fifth cause of action is denied.
The foregoing dispositions leave claimant with no claim pending in this court. Under these circumstances, he cannot obtain a discovery order requested pursuant to CPLR 3102 (subd. [f]). The motion for said relief (No. M-14111) is denied,