■ EULA L. BLOWERS et al., Appellants, v. LAWYERS COOPERATIVE PUBLISHING COMPANY et al., Respondents.— Order and judgment unanimously modified by reinstating the sixth, seventh, eighth and ninth causes of action, and otherwise order affirmed, with costs to plaintiff. Memorandum: This is an appeal from an order granting defendants' motion to dismiss certain causes of action stated in the complaint prior to the service of an answer. The order herein appealed from dismissed the sixth, seventh, eighth, ninth and eighteenth causes of action and denied defendants' motion relative to dismissal of the fifth cause of action. Special Term also permitted amendment of the complaint so as to permit pleading the sixteenth and seventeenth causes of action in the alternative. Plaintiff, Eula Lee Blowers, was employed for over 10 years by the corporate defendant. The three individual defendants were employed by the corporate defendant in various managerial capacities. On December 3, 1971 she was discharged allegedly for having lodged complaints of sex discrimination against her employer, and for refusing to take action, in her capacity as supervisor, against other employees making similar complaints. She and her husband seek to recover damages alleging various acts of libel, slander, intentional and negligent infliction of emotional harm, harassment, conversion and loss of services allegedly occurring during the months subsequent to her discharge. The complaint involves statements allegedly made to Mrs. Blowers' fellow employees by the defendants, to the news media, and to the plaintiffs in the presence of family and others, with intent to demean her before her fellow employees and the public. It is also alleged that a further purpose of the defendants was to persuade plaintiff to withdraw her com-.

plaint of sex discrimination by the defendants which she previously filed with the State Division of Human Rights. In several other causes of action contained in the complaint and not the subject of this appeal, the libelous or slanderous words are clearly stated. However, no libelous or slanderous matter was mentioned specifically in the aforesaid causes of action which were dismissed, except as they were incorporated by reference in the previous paragraphs contained in the complaint. The basic problem on this appeal is whether or not the offensive words were published "of and concerning the plaintiff". If so, the lack of specificity in the dismissed causes of action is permissible under CPLR 3016 (subd [a]) which provides that "In an action for libel or slander, the particular words complained of shall be set forth in the complaint, *but their application to the plaintiff may be stated generally.*" (Emphasis added.) In considering a motion of this nature, we must assume that the words specifically quoted in the complaint were libelous and unambiguous, and it is apparent that they either import a charge of punishable crime, or were done to injure plaintiff in her trade, occupation or business. Since we must accept at this time the truth of all matters alleged in the complaint, we must consider whether or not the offensive material was published of and concerning the plaintiff, Eula Lee Blowers. In a complaint for slander plaintiff may allege generally the application of the words to her, and it is not necessary that she be mentioned by name in the alleged defamatory statement (*Harwood Pharmacal Co.* v. *National Broadcasting Co.*, 9 N Y 2d 460). The record at this stage of the action establishes that all the allegedly offensive words were spoken of the plaintiff relative to her activities in her trade and profession and are susceptible of a defamatory meaning, by reason of which plaintiffs are entitled to have the question determined by trial. The defendants' said motion must, therefore, fail since the pleadings themselves preclude an assertion that the libel or slander does not refer to the plaintiff. The general allegation that the alleged libel is "of and concerning plaintiff" must be deemed sufficient to withstand the instant motion which, in effect, admits plaintiffs' facts as pleaded. As to the sixteenth and seventeenth causes of action, we find no abuse of discretion in the lower court's decision. As to the eighteenth cause of action, Special Term dismissed the same as being insufficient because "it sets forth no duty on the part of defendant to use care towards the plaintiff so as not to cause her emotional harm". This determination was correct (*Long* v. *Beneficial Finance Co.*, 39 A D 2d 11). (Appeal from part of order and judgment of Monroe Special Term dismissing certain causes of action.) Present — Marsh, P. J., Moule, Simons, Mahoney and Del Vecchio, JJ.