CONTINENTAL AIR TICKETING AGENCY, INC., Doing Business as Continental Travel Service, et al, Appellants, v EMPIRE INTERNATIONAL TRAVEL, INC., et al., Respondents.

Fourth Department, February 20, 1976

*Charles A. Schiano (Charles O. Baisch* of counsel), for appellants.

*Cucci, Welch, Colicchio & Weinstein (Roy Colicchio* of counsel), for Empire International Travel, Inc., and others, respondents.

*Chamberlain, D'Amanda, Bauman, Chatman & Oppenheimer (Louis D'Amanda* of counsel), for Rustcraft, respondent.

CARDAMONE, J. A local travel agency (Empire) advertisement for a charter flight from Rochester, New York to Rome, Italy, heard on the regular Sunday afternoon radio broadcast of "Panorama Italiano" on February 11, 1973, caused a competitor travel agency (Continental) to institute suit based upon what it claimed was a libel of its planned similar charter flight. This appeal follows the dismissal of its complaint.

Plaintiffs, Continental Travel Service (Continental) and its sole owner, Joseph San Filippo, alleged four causes of action against defendants Empire International Travel, Inc., (Empire) and its president, Arthur Anzalone; Rustcraft Broadcasting of New York, Inc. (Rustcraft), the owner of W.R.O.C. FM, a commercial broadcasting station in Rochester; and Louis D'Angelo, an announcer at W.R.O.C.

They alleged that defendants Anzalone and D'Angelo were announcers on "Panorama Italiano", broadcast by defendant

Rustcraft on W.R.O.C.; that the program was sponsored by defendant Empire, a competitor with Continental for the Italian-speaking market in Rochester. Continental claimed that it was the booking agent and sponsor for a July 2-18, 1973 charter flight from Rochester to Rome and that Empire was sponsoring a similar flight at about the same time. Continental alleged that it began advertising its flight on or about February 11, 1973 and that on February 11, 1973 defendants Anzalone and D'Angelo maliciously broadcast a defamatory commercial for Empire on W.R.O.C. concerning Continental's charter flight. The original broadcast in Italian, according to Continental, contained false, malicious and defamatory statements of opinion and innuendo.

The five specific portions of the commercial alleged to be defamatory were as follows:

1. "Art: The plane used by Empire Travel Agency is a very modern Super Jet DC-8-Stretched, with a capacity of 252 passengers, one of the best and most equipped planes available in the market.

Lou: Instead it is not known about the plane used by others."

2. "Art: The flight of Empire Travel Agency will be direct, non-stop, Rochester-Rome. It will last seven and one-half hours and the meals, in the style of a luxury-restaurant, will be included absolutely free.

Lou: Of all this, in the flight of the others, we do not know anything."

3. "* * * thus allowing you to loose four precious days of vacation at the start, and a costly week of work afterwards, with the certainty of loosing work in these difficult times."

4. "* * * In other words, this is the price and will not change. Instead the others, in order to attract you into leaving with them, quote you a price of $274 dollars with the assurance of raising it afterwards. In fact, they do not guarantee you the rate."

5. "Empire Travel has served the Rochester community and surrounding for over 70 years. You know our honesty, loyalty, experience, reputation and the progress made by us. Art: Instead, what can you say about the others?"

It has long been well-settled that where a statement is libelous, per se, special damages need not be alleged and proved to render the words actionable *(Winchell v Argus Co.,*

69 Hun 354). Where the libel is of a product, and the commercial in this case is conceded by plaintiff to be of its product, it is actionable only if special damages are alleged. "Where the libel or slander is of a manufactured article and does *not directly* [emphasis added] impeach the integrity, knowledge, skill, diligence or credit of the plaintiff, the words are not actionable at law unless special damage be alleged and proved, and a 'general allegation of loss of customers is not sufficient to enable the plaintiff to show a particular injury' " *(Marlin Fire Arms Co. v Shields,* 171 NY 384, 390). A later exception to the rule requiring "special damages" to be alleged in product libel cases was made in those instances where the accusation impeached the "integrity" or "business methods" of the producer itself *(Drug Research Corp. v Curtis Pub. Co.,* 7 NY2d 435, 440). Thus, where the libel is of the corporation itself which injures its reputation, special damages need not be alleged;[1] product disparagement which injures the reputation of the product, on the other hand, requires specific proof of pecuniary loss *(Harwood Pharm. Co. v National Broadcasting Co.,* 9 NY2d 460, 463; Seelman, The Law of Libel and Slander in New York [Rev ed], pars 376, 377; 2 NY PJI 822, 824).

The thrust of the allegedly offending advertisement is a comparison of the two competing charter flights with respect to departure and return dates, type of planes, services available and price and requires evidence of special damages. At an examination before trial plaintiff, Joseph San Filippo, testified that his charter was with the Italian American Civil Rights League which appointed several of its members to deal with him. He made arrangements and signed a contract with Overseas National Airways for the flight in the amount of $54,625, the price per person to vary with the number on the charter. The charter was canceled because there were not enough participants. Plaintiff's letter of April 16, 1973 to Overseas National Airways confirms this. Continental's advertisement did not state the type of plane, services, food or dates; nor was there a guarantee of the $274 price apparently because, as noted, the price varied depending on how many

---

1. Some doubt may have been cast on the concept of presumed damages in corporate defamation by the Supreme Court's decision in *Gertz v Robert Welch, Inc.* (418 U.S. 323, 349) which held that the State's interest in compensating defamed persons "extends no further than compensation for actual injury"; Corporate Defamation and Product Disparagement, 75 Col. L Rev 963, 984).

signed up for the tour. In fact both charters were aimed specifically at local clothing factory employees whose factory shut down for vacation during the first two weeks in July. San Filippo conceded that his charter and the factory vacation did not coincide and that the portion of defendants' advertisement which set forth the dates of his charter was "correct". With respect to damages the complaint at paragraph 29 alleges that two named persons, and others, ceased to deal with plaintiff as a result of the subject broadcast depriving plaintiff of their custom, trade and profits to his damage in the amount of $5,000. Mr. San Filippo testified, however, at the examination before trial that neither of the two named persons had signed up for the charter flight and, more significantly, that he could not recall whether any of the other people who had signed up for the trip prior to the offending commercial came in and removed their names from the list as a result of the radio advertisement.

Special damages, of course, must be fully and accurately stated. If it was a loss of customers, "the persons who ceased to be customers, or who refused to purchase, must be named * * * if they are not named, no cause of action is stated" (Reporters' Assn. of Amer. v Sun Print. & Pub. Assn., 186 NY 437, 442; see, also, Gurtler v Union Parts Mfg. Co., 1 NY2d 5; Balabanoff v Hearst Cons. Pub., 294 NY 351) "round figures" without specific itemization must be deemed general damages (Drug Research Corp. v Curtis Pub. Co., supra, p 441). The general allegation of $5,000 as "special damages" without itemization, together with the inconclusive testimony of the plaintiff regarding lost business or profits, does not satisfy the requirement that specific proof of pecuniary loss be shown.

We agree with Special Term's observation that today the consuming public demands more information with respect to products offered in the marketplace; legitimate competitive advertising lends to that knowledge. The benefits to the public in advertising which delineate areas of interest in charter flight operations appear to us to outweigh the possible embarrassment to the profferers of these services.

The order which granted summary judgment should be affirmed.

MOULE, J.P., SIMONS, DILLON and WITMER, JJ., concur.

Order unanimously affirmed, with costs.