■ PETER F. CAPPELLINO et al., Appellants, v RITE-AID OF NEW YORK, INC., Respondent.—Order unanimously reversed on the law with costs, defendant's motion denied and complaint reinstated. Memorandum: The court erred in granting defendant's motion to dismiss plaintiffs' complaint for libel. The sole issue is whether the words complained of are susceptible of a defamatory interpretation. The words were contained on a sign prominently displayed behind the video rental counter at defendant's store in Buffalo for several months, despite plaintiffs' request that the sign be removed or placed in a less prominent location. The sign stated:

"DO NOT RENT
TAPES TO #S
492, 493,
494, 495 —
CAPPELLINO —
MEMBERSHIP
IS VOIDED —
REVOKE THE
CARDS PLEASE."

The numbers refer to plaintiffs' membership cards, which had been surrendered when plaintiffs voluntarily resigned from the rental program.

A writing is defamatory if it exposes a person to public

contempt, ridicule, aversion or disgrace, tends to induce an evil or unsavory opinion of him, or affects him in his profession by imputing fraud, dishonesty, misconduct or unfitness *(Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 379, *rearg denied* 42 NY2d 1015, *cert denied* 434 US 969; *Tracy v Newsday, Inc.,* 5 NY2d 134, 135-136). Whether particular words are defamatory presents a legal question to be resolved by the court in the first instance *(Aronson v Wiersma,* 65 NY2d 592, 593; *Tracy v Newsday, Inc., supra).* The court must decide whether there is a reasonable basis for drawing the alleged defamatory conclusion *(James v Gannett Co.,* 40 NY2d 415, 419, *rearg denied* 40 NY2d 990). If the statements are reasonably susceptible of a defamatory connotation, it becomes the jury's function to say whether that was the sense in which the words were likely to be understood by the ordinary and average reader *(Silsdorf v Levine,* 59 NY2d 8, 12-13, *cert denied* 464 US 831; *James v Gannett Co., supra).* The court must neither strain to interpret the statements in their mildest and most inoffensive sense nor strain to find a defamatory interpretation when none exists *(Cohn v National Broadcasting Co.,* 50 NY2d 885, 887, *cert denied* 449 US 1022; *James v Gannett Co., supra; November v Time, Inc.,* 13 NY2d 175, 178).

Applying those principles, we conclude that the words are reasonably susceptible of a defamatory interpretation. An average reader might understand the words to impute untrustworthiness or uncreditworthiness to plaintiffs, if not some affirmative wrongdoing such as fraud or conversion. Plaintiffs' submissions on the motion establish that such imputation of fraud or other wrongful conduct tended to subject them to public ridicule and could have affected them in their trade or business. (Appeal from order of Supreme Court, Erie County, Flaherty, J.—summary judgment.) Present—Doerr, J. P., Denman, Boomer, Green and Pine, JJ.