■ PATRICIA M. SMITH et al., Respondents, v LONG ISLAND YOUTH GUIDANCE, INC., Appellant, et al., Defendants.—In an action to recover damages for libel and for violation of Civil Rights Law § 51, the defendant Long Island Youth Guidance, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated March 21, 1990, as (1) granted those branches of the plaintiffs' motion which were for partial summary judgment in their favor on their libel causes of action, and partial summary judgment in favor of the plaintiff Ann Snider on her cause of action for violation of Civil Rights Law § 51, and (2) denied that branch of its cross motion which was for summary judgment dismissing the complaint insofar as it is asserted on behalf of the plaintiff Patricia Smith.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiffs' motion for partial summary judgment is denied in its entirety and that branch of the cross motion which is for summary judgment dismissing the complaint insofar as it is asserted on behalf of the plaintiff Patricia M. Smith is granted, and the complaint insofar as it is asserted on behalf of the plaintiff Ann Snider is severed.

The 1988 annual report issued by the defendant-appellant, Long Island Youth Guidance, Inc., contained a photograph of the plaintiff Ann Snider, which was published without her consent. The text which appears on the next page states, in part, the following: "But behind the newsprint lie children broken by the pain of shattered families, abuse, and neglect * * * Children like Ann, who was sold to neighborhood men from the time she was 11 * * * sold to support a crack habit".

Snider alleges that the quoted text constitutes a declaration that she committed acts which constituted the crime of prostitution. The plaintiff Patricia Smith, Ms. Snider's mother, alleges that this text also constitutes a declaration that she was involved in criminal activity. The plaintiffs, asserting that the declarations are untrue, seek compensatory and punitive

damages on the further theory that the appellant committed libel *per se,* and also on the theory that the appellant violated Civil Rights Law § 51.

We find that there are issues of fact which warrant denial of the plaintiffs' motion for partial summary judgment. With respect to Snider's cause of action based on Civil Rights Law § 51, we cannot conclude, as a matter of law, that the publication in which her photograph appeared was, in essence, an advertisement, rather than that which it purported to be, that is, an annual financial statement *(cf., Beverley v Choices Women's Med. Center,* 78 NY2d 745). Not every written statement issued by a nonprofit corporation such as the appellant is to be regarded as an advertisement merely because it contains flattering descriptions of the corporation's work. Since Snider has not demonstrated, as a matter of law, that the appellant's 1988 financial statement was published primarily "for advertising purposes or for the purposes of trade" (Civil Rights Law §§ 50, 51) and since such a showing is essential to her cause of action founded upon Civil Rights Law § 51 *(see, Finger v Omni Publs. Intl.,* 77 NY2d 138, 141; *Arrington v New York Times Co.,* 55 NY2d 433, 439, *cert denied* 459 US 1146), summary judgment was improperly granted in her favor on this claim.

We also disagree with the Supreme Court's decision to grant partial summary judgment in favor of the plaintiffs and against the defendant-appellant with respect to their libel causes of action. Whether the text quoted above is likely to be understood by the ordinary reader as defamatory to Snider in light of the age attributed to "Ann" in that text, and in light of all the other circumstances of the case, is a question of fact for the jury *(see, Silsdorf v Levine,* 59 NY2d 8, *cert denied* 464 US 831; *James v Gannett Co.,* 40 NY2d 415; *Cappellino v Rite-Aid of N.Y.,* 152 AD2d 934).

Furthermore, with respect to Smith, we conclude that summary judgment should have been granted dismissing the complaint insofar as it is asserted in her behalf. It was not her photograph which appeared in the publication, nor was her name mentioned. Moreover, under all the circumstances of this case, it would not be reasonable for a reader of the quoted text to infer that it was Smith who had the "crack habit". We recognize that a libel cause of action may, under certain circumstances, be maintained by a person not actually named in the allegedly libelous text *(see, Harwood Pharmacal Co. v National Broadcasting Co.,* 9 NY2d 460; *Bee Publ. v Cheektowaga Times,* 107 AD2d 382, 384). However, the plaintiffs

produced no evidence of extrinsic facts from which the jury might reasonably infer that the alleged libel concerned Smith *(cf., Bee Publ. v Cheektowaga Times, supra,* at 384; *Blowers v Lawyers Coop. Publ. Co.,* 44 AD2d 760, 761).

In accordance with the foregoing, the order under review is reversed insofar as appealed from, the plaintiffs' motion for partial summary judgment is denied, and that branch of the appellant's cross motion which is for summary judgment dismissing the complaint insofar as it is asserted on behalf of the plaintiff Patricia Smith is granted. Mangano, P. J., Bracken, Rosenblatt and Lawrence, JJ., concur.