M. James **SPITZER** and Leonard Lichter, as Trustees under Agreement dated May 10, 1987, Plaintiffs,

v.

**SHANLEY CORPORATION**, Shanley Production Company, Shanley Oil Company, Shanley Energy Company, John Shanley and Neal McCabe, Defendants.

Neal **McCABE**, John Shanley, Shanley Corporation, Shanley Oil Company, Shanley Production, Shanley Energy Company, Plaintiffs,

v.

M. James **SPITZER** and Leonard Lichter, in their personal capacities and as Trustees under Agreement dated May 10, 1987, Ronald J. Offenkrantz, M. James Spitzer, Jr., and Michael Smith, jointly and severally, Defendants.

Nos. 89 Civ. 8549(MEL), 90 Civ. 6041(MEL).

United States District Court, S.D. New York.

Oct. 22, 1993.

Spitzer & Feldman, P.C., New York City (Ronald J. Offenkrantz and Michael H. Smith, of counsel), for plaintiffs in Action No. 1 and defendants in Action No. 2.

Cheryl B. Wattley, Dallas, TX (Constance L. Royster, Liebowitz, Royster & Wright, Elmsford, NY, of counsel), for Shanley parties.

LASKER, District Judge.

These actions grow out of the contentious relationship between the general partner and the limited partners of Norstate Partnership ("Norstate"), an entity created under the laws of Oklahoma for the purpose of investing in oil and gas wells. Norstate's general partner is Shanley Production Company, a wholly-owned subsidiary of Shanley Corporation located in Dallas, Texas (collectively, "Shanley"). The limited partners are certain members of the law firm of Spitzer & Feldman, P.C., which has its principal offices in New York City ("Spitzer Partners").

As the result of a dispute over partnership distributions and the alleged misuse of Norstate's assets, the Spitzer Partners filed an action in 1989 against Shanley and its principals—chairman of the board, Neal McCabe, and president, John Shanley ("Action 1"). In that action, the Spitzer Partners alleged conversion of partnership assets, breach of fidu-

ciary duty, constructive trust, and violations of RICO. In response, Shanley commenced a separate suit against the Spitzer Partners, alleging a conspiracy to commit theft, intentional infliction of emotional distress and prima facie tort ("Action 2").

The parties have conducted discovery and the record contains the relevant documents and the deposition testimony of the principals.

In Action 1, Neal McCabe moves for summary judgment in his favor on the ground that the record contains no evidence of wrongdoing by him.

In Action 2, the Spitzer Partners move for summary judgment on the ground that Shanley's causes of action are barred by the applicable statute of limitations. The Spitzer Partners also move for the imposition of sanctions against Shanley under Rule 11 of the Federal Rules of Civil Procedure and, if Action 2 is not dismissed, an order requiring Shanley to post security for costs under Civil Rule 39 of this Court.

A major point of contention in both actions is the significance of a December 17, 1987 agreement ("Agreement") between the parties, and the circumstances attendant to its signing. The Agreement contains an acknowledgement by Shanley that it owed more than $1 million in Norstate Partnership payments to the Spitzer Partners, and provides for the transfer of certain partnership properties from Shanley to the Spitzer Partners to reduce the amount in arrears.

The parties now hotly dispute the value of the transferred properties as well as the amount in arrears. More importantly, the Spitzer Partners contend that the Agreement is a confession of judgment by Shanley to the limited partners; whereas Shanley disavows the Agreement as an act of extortion, contending it had been coerced by the Spitzer Partners into entering the Agreement.

I.

Action 1

McCabe's motion for summary judgment must be denied because the central fact allegation of the Complaint concerning him—

whether he "knew, caused and/or participated" in the conversion of partnership assets—remains in dispute.

There are factual questions at least as to what knowledge McCabe had of the events—see, for example, McCabe's deposition testimony that "it's possible I knew" of the pledging of partnership property (McCabe Tr. at 127–128) and Shanley's deposition that he and McCabe "monitored" partnership affairs by reviewing correspondence and reports sent to them (Shanley Tr. at 339–340); as well as whether as chairman of the board of the general partner of Norstate, McCabe breached a fiduciary duty to the limited partners. *See Oklahoma Co. v. O'Neil*, 440 P.2d 978 (Okla.1968) (a partner or joint venturer occupies fiduciary position with respect to other members and owes higher and greater duty to them than he owes to one with whom he deals at arms length).

## II.

### Action 2

*What limitations period applies?*

■ This is a diversity case. The plaintiffs in Action 2 are residents of Texas and Florida. It is uncontested that the causes of action in Action 2 accrued in Texas because the acts complained of took place and caused injury in Texas. Therefore, New York's borrowing statute determines the applicable law.

Under N.Y.C.P.L.R. § 202, if the plaintiff is a non-resident at the time the cause of action accrued, and the cause of action accrued outside of New York, a New York court must apply either the limitations period of the jurisdiction where the action accrued, or the New York statute, whichever is shorter.

■ The Complaint alleges a conspiracy to commit theft, intentional infliction of emotional distress, and prima facie tort. Neither Texas law nor New York law provides a separate statute of limitations for conspiracy per se. Accordingly, the statutes relating to the alleged substantive offenses control. The Texas statute of limitations period for theft is two years (Tex.Civ.Prac. & Rem.Code § 16.003), whereas New York's limitations period

is three years (N.Y.C.P.L.R. § 214). As to intentional torts, the Texas limitations period is also two years (Tex.Civ.Prac. & Rem.Code § 16.003), whereas under New York law the period is one year (N.Y.C.P.L.R. § 215).

Applying New York's borrowing statute, § 202, the shorter Texas two-year limitations period governs Count I alleging theft, and the shorter New York one-year limitations period governs Counts II and III alleging intentional torts. Under the borrowing statute, a court applying the limitations period of another state must also apply that state's rules on accrual and tolling.

*The effect of the law in this case.*

A common set of alleged facts serve as the basis for all three counts. The overt acts of the alleged conspiracy are that the Spitzer Partners (1) made verbal threats to the Shanley principals in 1986 and 1987; (2) induced Shanley to sign the 1987 Agreement transferring certain assets; and (3) filed a lawsuit on December 21, 1989 against Shanley to further intimidate and extort.

All of the overt acts of the alleged conspiracy that occurred more than two years prior to Shanley's lawsuit—filed on September 20, 1990—are plainly barred by the Texas two-year limitations period for theft, as well as by the New York one-year limitations period for intentional torts. The only alleged overt act which occurred within the limitations period is the institution of the Spitzer Partners' 1989 lawsuit (Action 1).

Without citing authority, Shanley makes much of the fact that its Complaint alleges a continuing conspiracy and impliedly contends that because the last act is not time-barred, all of the acts of the alleged conspiracy remain actionable.

The Spitzer Partners argue that Shanley's time-barred allegations may not be "revived" merely because Shanley characterizes the individual acts complained of as parts of a "conspiracy," but they do not discuss why Shanley should be barred from suing on the last act which remains timely.

As stated above, a court applying the limitations period of another state also applies that state's rules on accrual and tolling.

Count I alleging theft is governed by the Texas limitations period and under Texas law, "each continued invasion of the plaintiff's interest causing loss and damage in a conspiracy case is treated as an independent element for limitations purposes and the two year statute of limitations begins to run when each independent element arises." *Cathey v. First City Bank of Arkansas Pass*, 758 S.W.2d 818, 822 (Tex.Ct.App.1988) (court granted summary judgment for defendants finding all alleged overt acts were time-barred except one, which had been severed from the case). *Cathey* also held that "any act committed more than two years prior to the filing of [a] conspiracy action would be barred by limitations and may not be recovered upon at trial." *Id.* Shanley's allegation of theft—namely the 1987 Agreement transferring assets to the Spitzer Partners—occurred more than two years prior to the filing of Action 2. Therefore, under Texas law, Shanley may not pursue its cause of action for theft.

■ Counts II and III, alleging intentional torts, are governed by the New York one-year limitations period. Under N.Y.C.P.L.R. § 203(a), the statute of limitations begins from the date an act causes injury. Like Texas, time-barred causes of action cannot be revived under New York law even if the acts are alleged as part of a continuing wrong. *Cross v. State*, 72 Misc.2d 247, 338 N.Y.S.2d 469, 472 (N.Y.Ct.Cl.), *aff'd*, 40 A.D.2d 954, 338 N.Y.S.2d 608 (3d Dept.1972). In *Cross*, the court granted a motion to dismiss because all alleged acts were time-barred and the lone allegation that may have been timely did not state a cause of action.

The Second Circuit, in applying New York law, has stated emphatically that claims otherwise barred by the statute of limitations may not be resurrected simply by pleading a conspiracy. Judge Lumbard, writing for himself and Judges Clark and Waterman in *Rutkin v. Reinfeld*, 229 F.2d 248 (2d Cir. 1956), held that "[n]o allegation of conspiracy can thus jump an eight or nine year gap to make a shambles of the statute of limitations and pervert its salutary purpose to set stale claims at rest." *Id.* at 252. This holding has been reaffirmed in *Singleton v. City of New York*, 632 F.2d 185, 192 (2d Cir.1980) ("The existence of a conspiracy does not postpone the accrual of causes of action arising out of the conspirators' separate wrongs").

Accordingly, Shanley is barred from pursuing its intentional torts allegations except as to the claim that the Spitzer Partners' 1989 lawsuit was brought for the purpose of inflicting emotional distress and that it constitutes prima facie tort.

*Rule 39 motion for security costs.*

■ Civil Rule 39 of this Court's local rules provides: "The court, on motion or in its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate." Where, as here, the local rule provides no criteria for the imposition of security, federal courts often look to state rules for guidance.

N.Y.C.P.L.R. § 8501(a) provides that a defendant can claim security costs as of right when none of the plaintiffs "is a domestic corporation, a foreign corporation licensed to do business in the state or a resident of the state when the motion is made."

Both the local and state provisions were designed to assure that the defendant can recover its costs of litigation if it prevailed. Considering the local rule and the New York statute together, judges of this court have required the posting of security bonds when plaintiffs were non-residents or foreign corporations, defendants were expected to incur significant legal costs, plaintiffs' financial condition and ability to pay were doubtful, and the merits of plaintiffs' case were questionable. *See Expense Reduction Services, Inc. v. Jonathan Woodner Company, Inc.*, 720 F.Supp. 262 (S.D.N.Y.1989); *Knight v. H.E. Yerkes and Assoc., Inc.*, 675 F.Supp. 139 (S.D.N.Y.1987), *Atlanta Shipping Corp., Inc. v. Chemical Bank*, 631 F.Supp. 335 (S.D.N.Y.1986).

■ The Spitzer Partners state that the Shanley companies "have no ability to answer for any award that may be made against them." Granted that this statement is made in the Spitzer memorandum of law and has no evidentiary value, Shanley has put nothing before us to establish its finan-

cial reliability. Because the Shanley plaintiffs are corporations doing business in Texas with little or no connection to New York, whose financial condition has been called into question, and because most of the underlying allegations in their Complaint are time-barred, posting of security is appropriate.

\*  \*  \*

McCabe's motion for summary judgment is denied.

Spitzer's motion for summary judgment is granted as to all of Shanley's allegations except those alleging that Action 1 was initiated by the Spitzer plaintiffs for the purpose of inflicting emotional distress and that it constitutes prima facie tort.

Spitzer's motion for sanctions against the Shanley defendants is denied without prejudice to renewal.

As a condition of continuance of Action 2, the Shanley plaintiffs are ordered to post a bond in an amount and within a period to be specified by the Court.

It is so ordered.