**Diego J. HERBSTEIN, Plaintiff,**

v.

**Martin E. BRUETMAN,
et al., Defendants.**

No. 89 Civ. 6864 (RWS).

United States District Court,
S.D. New York.

March 13, 1992.

## MEMORANDUM OPINION

SWEET, District Judge.

Plaintiff Diego J. Herbstein ("Herbstein") has moved for an order requiring Defendants Martin E. Bruetman ("Bruetman"), High Tech Medical Parks Development Corp., Ronald Tash, Douglas Keill, Mauricio Agudelo, and Alta Tecnologia Medica S.A. (collectively the "Defendants") to post a security bond to cover costs pursuant to Rule 39 of the Civil Rules of the United States Courts for the Southern and Eastern Districts of New York ("Local Rule 39"). For the reasons set forth below, the motion is granted.

 Local Rule 39 provides:

The court, on motion or its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate. For failure to comply with the order the court may make such orders in regard to non-compliance as are just, and among the following: an order striking out pleadings or staying further proceedings until the bond is filed or dismissing the action or rendering a judgment by default against the non-complying party.

The security for costs may include attorney's fees to which a party is potentially entitled. *See, e.g., Beverly Hills Design Studio (N.Y.) Inc. v. Morris,* 126 F.R.D. 33 (S.D.N.Y.1989); *Verone v. Taconic Telephone Corp.,* 85 Civ. 8574, slip op., 1988 WL 10871 (S.D.N.Y. Feb. 6, 1988).

 There are no set guidelines for applying Rule 39. Rather, an individual determination is made based on the facts presented. Factors generally considered include: ability to pay; presence within the United States; merit of the underlying claims; extent and scope of discovery; and compliance with past court orders. *See, e.g., Beverly Hills,* 126 F.R.D. at 39 (merit of underlying claims); *Oilex A.G. v. Mitsui & Co. (U.S.A.),* 669 F.Supp. 85, 88 (S.D.N.Y.1987) (extensive discovery outside of country, need to translate evidence, foreign party with no assets); *Cresswell v. Prudential–Bache Securities, Inc.,* 83 Civ. 2099, slip op., 1987 WL 4824 (S.D.N.Y. April 28, 1987) (foreign party with no assets in United States). This list is by no means exhaustive, nor is each factor considered in every case. Further, by the terms of Rule 39 itself, "any party" can be required to post a security bond.

Here, the underlying matter has been complicated by the entry of a default judgment for over $18,000,000 against the Defendants in the United States District Court for the Northern District of Illinois. *See Philips Medical Systems International v. Bruetman,* 91 C 4385 (N.D.Ill. Feb. 1992). This judgment seems to jeopardize the Plaintiff's ability to reach any assets the Defendants may have remaining in the United States. It also seems that Bruetman has left this country and gone to Argentina in contravention of an order of the Northern District of Illinois; that one of the reasons the default judgment was entered was the Defendants' failure to comply with discovery orders; and that all of Bruetman's assets in Chicago have been seized. Moreover, the Defendants are presently in default of a discovery order of this Court.

The Defendants have filed four motions for summary judgment. The Plaintiff requests that a bond be posted before it defends against the mass of papers the Defendants have submitted, many of which are in Spanish. Given the above circumstances, the Plaintiff is fully justified in requesting a security bond be posted.

 The Plaintiff seeks a $300,000 security bond. This amount is based in part on the amount of attorney's fees the Plaintiff has already expended in prosecuting this action. However, the Court finds that $75,000 is more reasonable for present purposes. If Plaintiff succeeds in defending against the Defendants' motions, he may move then for the posting of additional security.

The Defendants are therefore ordered to file a bond in the amount of $75,000 as security for costs by 5:00 p.m. on March 18, 1992. The above shall not be construed as an indication of the Court's opinion on the

merits of the Defendants' motions for summary judgment.

It is so ordered.