Christopher SELLETTI, Plaintiff,

v.

Mariah CAREY, Sony Music Entertainment, Inc., Sony Songs, Inc., Sony Music Publishing, Wallyworld Music, Rye Songs, WB Music Corporation, Columbia Records, Inc., Sylvester Stewart, p/k/a Sly Stone, Even Street Productions, Ltd., Jerry Goldstein, individually and as President of Even Street Productions, Ltd., Avenue Records, American Society of Composers, Authors & Publishers (ASCAP), Broadcast Music, Inc. (BMI), Steve Toppley and Ruby Jones, Defendants.

No. 96 Civ. 0016(DC).

United States District Court,
S.D. New York.

May 21, 1997.

Thomas F. Liotti, Garden City, NY, for Plaintiff.

Parcher, Hayes & Liebman, P.C. by Jonathan Liebman, Orin Snyder, New York City, for Defendants Mariah Carey, Sony Music Entertainment, Inc. and Sony Songs, Inc.

### OPINION and ORDER

CHIN, District Judge.

In this case, plaintiff Christopher Selletti alleges that he actually composed defendant Mariah Carey's hit song "Hero," and that Carey conspired with other defendants to copy and exploit his previously unpublished work in violation of the copyright laws. Accordingly, Selletti filed this lawsuit for copyright infringement.

Selletti has failed, however, to diligently prosecute this action. To the contrary, he has delayed virtually every step of the way. He has failed to comply with discovery obligations and has disregarded orders of the Court. He has failed to come forward with any concrete evidence to support his claims, and he has shown more interest in litigating this matter in the media than in the courtroom.

As a consequence, and because they seek to ensure that they will recover the cost of defending this lawsuit should they prevail, defendants Mariah Carey, Sony Music Entertainment Inc. ("Sony Music"), and Sony

Songs Inc. ("Sony Songs") (collectively the "moving defendants") move pursuant to Local Civil Rule 54.2 [1] for an order directing plaintiff Selletti to post a security bond for costs and attorneys' fees in the amount of $250,000. The moving defendants also move pursuant to Federal Rules of Civil Procedure 16(f) and 37(b) for an order sanctioning Selletti for failure to comply with multiple orders of this Court.[2]

As set forth more fully below, the motions are granted, as follows: (1) Selletti is hereby ordered to post security in the amount of $50,000 by June 16, 1997; (2) a monetary sanction is imposed against Selletti in the amount of $5,000 for his discovery abuses; and (3) Selletti is ordered to produce within seven days of the date of this decision all documents responsive to the moving defendants' request for production of documents, together with a formal written response to that request.

## BACKGROUND

### A. Selletti's Complaint

Selletti is a former bodyguard for defendant Sylvester Stewart, professionally known as Sly Stone ("Stone"), a musician who records for defendants Even Street Productions, Ltd. and Avenue Records. (Compl.¶¶ 3–5). Selletti is also an amateur songwriter. He claims that beginning in 1985 he composed poems and musical lyrics that he kept in a notebook. (Compl.¶ 1). Selletti alleges that in 1989 he composed a wholly original poem in his notebook (the "Selletti composition") and that he shared this and other compositions with Stone in the hope that Stone might want to record a Selletti work as a song. (Compl.¶¶ 2, 5). With the assistance of his current counsel, Selletti eventually registered the Selletti composition with the Copyright Office in November 1995. (Compl.¶ 18).

Carey is an internationally acclaimed singer and songwriter, whose recordings are distributed by Sony Music on the Columbia Records record label. In 1993, Carey released an album entitled "Music Box," which achieved multi-platinum status. One of the songs on the album was "Hero," which was also released and distributed, with great success, as a single, remaining in the "Top Ten" charts for a significant period of time.

Selletti claims that Stone, along with certain other individuals and entities who allegedly had access to Selletti's notebook, conspired to appropriate the Selletti composition. (Compl.¶¶ 6–8). Selletti asserts that "Hero" is "virtually identical in substance to the [Selletti composition]," that Carey "copied [the Selletti composition] in its entirety," and that she did so "for the specific purpose of infringing [Selletti's] copyrights and exploiting [Selletti's composition] for her benefit while fraudulently claiming authorship." (Compl.¶ 10). Accordingly, Selletti filed suit in this case on January 2, 1996 against Carey, Sony Music, Sony Songs, Stone, and other defendants for copyright infringement in connection with "Hero." Notably, however, Selletti never alleges any link between Stone or any other individual who had access to his work and Carey or any Sony defendant.

In addition to the present lawsuit, I have pending before me another case, *Dimmie v. Carey*, No. 96 Civ. 7977(DC), in which the plaintiff has sued Carey, Sony Music, and other defendants, claiming that he is the author of the composition "Hero," and claiming that they infringed the copyrights to his composition. Hence, two different, apparently unrelated plaintiffs have each filed suit, each claiming that he was the actual author of the song "Hero," and each claiming that Carey and others stole the song from him.

### B. Procedural History

Selletti has failed from the beginning to diligently prosecute this case. His attorneys requested numerous adjournments of conferences and deadlines. Service on the Sony

---

**1.** Effective April 15, 1997, former Local Civil Rule 39 was renumbered as Local Civil Rule 54.2.

**2.** Counsel for the moving defendants states in his affidavit that defendants Avenue Records and Jerry Goldstein, who are represented by other counsel, join in the motions for a bond and sanctions. These defendants have not, however, submitted any papers on these motions.

defendants and Carey was not completed until June 25, 1996. Some of the defendants apparently still have not been served.[3]

On August 30, 1996 a status conference was held in this case. Pursuant to that conference and an ensuing discovery stipulation and order that was so ordered by me on September 18, 1996, all parties were to serve their initial interrogatories and document requests in the three weeks following the August 30, 1996 conference. Accordingly, on September 20, 1996, Carey and Sony Music served their first set of interrogatories and first request for production of documents on Selletti. Responses to those discovery demands were due on October 21, 1996. Selletti did not respond.

At a status conference on December 13, 1996, I ordered Selletti to respond by January 10, 1997 to the still outstanding interrogatories and document request. In addition, I ordered Selletti to respond by January 10, 1997 to the moving defendants' motion for the posting of a security bond, which motion was filed December 12, 1996. Selletti again failed to respond to the outstanding discovery demands and he also failed to serve his response to the security bond motion by January 10, 1997. Selletti's counsel states that he "miscalendared" both January 10 due dates. (Liotti Sanctions Aff. ¶ 4).

According to the moving defendants, on January 16, 1997, Selletti requested an extension of time (after the fact) with respect to both deadlines. The moving defendants declined to consent to an extension of the discovery deadline, but did consent to an adjournment to January 21, 1997 of Selletti's deadline for submitting a brief in opposition to the motion for a bond. Selletti failed to meet the new deadline.

By letter dated January 23, 1997, the moving defendants advised me of Selletti's ongoing discovery violations, advised me of Selletti's continued failure to submit an opposition brief, requested that their bond application be granted as unopposed, and requested permission to file a motion for sanctions relating to Selletti's discovery violations. A copy of the January 23, 1997 letter was also sent to counsel for Selletti.

A pre-motion conference was held on January 30, 1997, at which time counsel for Selletti finally served interrogatory responses and responses to document requests. At the conference, counsel for Selletti advised me that on that day he had also submitted an affirmation in opposition to the bond application, which he conceded was 20 days late. I granted the defendants' request for permission to move for discovery sanctions, and they filed such a motion that day. I ordered that Selletti submit his opposition to the defendants' motion for sanctions by February 7, 1997, and that Selletti submit his opposition to the defendants' bond application by February 14, 1997. Selletti timely submitted attorney affirmations, but he failed to submit any supporting memoranda of law. Selletti also failed to submit any affidavits on personal knowledge.

## C. Selletti's Publicity Efforts

The first pretrial conference in this case was held on May 28, 1996. Although this was simply a status conference, a reporter from The New York Post was present in my courtroom. He was not able to observe the conference, however, as I held it in my robing room, in accordance with my usual practices. The reporter apparently had been invited to attend by Selletti or his attorneys; the moving defendants' counsel has represented to the Court that defendants had nothing to do with the reporter's presence. In addition, the moving defendants' counsel observed Selletti's attorney and another individual talking to the reporter after the conference.

Over the course of the next few days, a flurry of articles appeared in newspapers in New York and throughout the country. The New York Daily News published an article about this case on May 29, 1996, quoting

3. By stipulation so ordered on September 18, 1996, Selletti was given until October 14, 1996 to either serve defendants Sylvester Stewart and Steve Toppley or discontinue his action against them. No proof of service on these defendants has been filed, nor have the claims against them been discontinued. Hence, the complaint is hereby dismissed without prejudice as to defendants Stewart and Toppley for failure to effect service.

Carey as saying "I feel totally victimized." *The New York Post* ran an article on May 30, 1996, apparently written by the reporter who was present in my courtroom on May 28th.[4]

On November 6, 1996, Selletti and his attorneys appeared on the NBC television show "Court TV: Inside America's Courts," and were interviewed regarding Selletti's claim of copyright infringement at issue in this case. The segment began with a photograph of Carey and a headline that read: "THIEVING DIVA?" During the segment, a page of handwritten notes, purporting to be the Selletti composition, was flashed onto the screen. Although these notes were provided to Court TV, the moving defendants' counsel represents, by letter to the Court dated May 20, 1997, that Selletti did not produce them in discovery in this case until just last month.

## DISCUSSION

### A. The Bond Application

The moving defendants seek an order requiring Selletti to post a bond in the amount of $250,000 as security for what the moving defendants view as a likely award of costs and attorneys' fees to them for their defense of this action.

### 1. The Legal Standard

■ Rule 54.2 of the Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 54.2") provides as follows:

> The court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate. For failure to comply with the order the court may make such orders in regard to non-compliance as are just, and among others the following: an order striking out pleadings or staying further proceedings until the bond is filed or dismissing the action or rendering a judg-

ment by default against the non-complying party.

*See* Local Rule 54.2; *see also Atlanta Shipping Corp., Inc. v. Chemical Bank,* 631 F.Supp. 335, 352 (S.D.N.Y.1986), *aff'd,* 818 F.2d 240 (2d Cir.1987); *Beverly Hills Design Studio (N.Y.) Inc. v. Morris,* 126 F.R.D. 33, 37 (S.D.N.Y.1989); *Galerie Furstenberg v. Coffaro,* 697 F.Supp. 1282, 1293 (S.D.N.Y. 1988). Under Local Rule 54.2, security for costs may include attorneys' fees to which a party is potentially entitled by statute. *See, e.g. Beverly Hills Design Studio (N.Y.),* 126 F.R.D. at 37; *Herbstein v. Bruetman,* 141 F.R.D. 246, 247; *Drexel Burnham Lambert Group, Inc. v. Committee of Receivers for A.W. Galadari,* 810 F.Supp. 1375, 1393 (S.D.N.Y.), *rev'd on other grounds,* 12 F.3d 317 (1993), *cert. denied,* 511 U.S. 1069, 114 S.Ct. 1644, 128 L.Ed.2d 365 (1994).

In this case, § 505 of the Copyright Act expressly provides that an award of attorneys' fees may be granted to a prevailing party, including a defendant:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, *the court may also award a reasonable attorneys' fee to the prevailing party as part of the costs.*

17 U.S.C. § 505 (emphasis added); *see also Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 533, 114 S.Ct. 1023, 1033, 127 L.Ed.2d 455 (1994); *Adsani v. Miller,* No. 94 Civ. 9131, 1996 WL 531858, at *15–16 (S.D.N.Y. Sept. 19, 1990).

■ Under Local Rule 54.2, an individual determination is made by the court on the facts of each case. Factors generally considered include: the financial condition and ability to pay of the party at issue; whether that party is a non-resident or foreign corporation; the merits of the underlying claims; the extent and scope of discovery; the legal costs expected to be incurred; and compli-

---

4. Selletti's attorney has suggested that Carey initiated this publicity. I reject the suggestion. The circumstances surrounding the first pretrial conference show that it was Selletti's counsel who initiated it. Carey did, of course, respond publicly to the accusations lodged against her in this lawsuit. This was understandable. I cannot imagine, however, that she would have initiated the publicity, for there was no reason for her to publicize a lawsuit accusing her of stealing someone else's song.

ance with past court orders. *See Herbstein,* 141 F.R.D. at 247 (citing *Beverly Hills Design Studio (N.Y.),* 126 F.R.D. at 39; *Oilex A.G. v. Mitsui & Co. (U.S.A.), Inc.,* 669 F.Supp. 85, 88 (S.D.N.Y.1987); *Cresswell v. Prudential–Bache Securities, Inc.,* No. 83 Civ.2099, 1987 WL 4824, at *1 (S.D.N.Y. April 28, 1987)); *Spitzer v. Shanley Corp.,* 151 F.R.D. 264, 267 (S.D.N.Y.1993) (looking to state rule for guidance in identifying criteria for imposition of security).

### 2. *The Parties' Arguments*

Here, the moving defendants argue that this Court should require Selletti to post bond because he appears to have no identifiable assets and his claim is objectively without merit. The moving defendants report that their search of the public records maintained in the appropriate LEXIS computer database library reveal that Selletti's only identifiable asset is a parcel of land valued at $500. (Liebman Aff. ¶ 7, Ex. D). As to the merits of Selletti's claim, the moving defendants argue that he offers nothing beyond speculation and that his claim is frivolous because, *inter alia:* (1) Selletti concedes he never published the Selletti composition; (2) Selletti concedes he did not file his work with the Copyright Office until two years after Carey's work was disseminated; (3) Selletti fails to allege how Carey had access to the Selletti composition; and (4) Selletti fails to allege any connection, direct or indirect, between Carey and anyone with access to the Selletti composition.

With respect to the amount of security sought, the moving defendants contend that "[i]t is reasonable to anticipate that defendants' attorneys' fees in this action will exceed several hundred thousand dollars to properly defend [defendants'] interests and to summarily dispose of plaintiff's action at the close of discovery." (Liebman Aff. ¶ 8). Accordingly, the moving defendants request that bond be posted in the amount of $250,-000.

In response, Selletti concedes that I have the authority to award the moving defendants the relief requested (Liotti Aff. ¶ 3), but attempts to distinguish various cases under former Local Rule 39 on their facts.

(Liotti Aff. ¶¶ 4, 6–9, 14–15). Selletti emphasizes that: (1) he is an individual, not a corporation; (2) the moving defendants have not specified the costs and attorneys' fees anticipated; and (3) the moving defendants are not faced with unusual or excessive expenses in defending this action.

As to the merits of his case, Selletti argues that " 'a plaintiff can still prove copying if he can show that the two works are not only substantially similar, but are so strikingly similar as to preclude the possibility of independent creation.' " (Liotti Aff. ¶ 12, citing *Meta–Film Associates, Inc. v. MCA, Inc.,* 586 F.Supp. 1346, 1355 (C.D.Cal.1984)). Selletti also mysteriously, and somewhat bizarrely, contends that he possesses an envelope containing the Selletti composition, which he alleges is "strikingly similar" to the song "Hero." He claims that he mailed the envelope to himself prior to the date Carey allegedly composed "Hero," and contends that the envelope is postmarked across the seal. (*See* Liotti Aff. ¶ 13). Finally, Selletti portrays himself as a "common man," being "strong-arm[ed]" by the defendants, a "corporate monolith and a vastly wealthy recording artist," and specifically contends that the moving defendants are improperly seeking the posting of security to stifle his claim. (Liotti Aff. ¶ 14).

### 3. *Analysis*

■ The circumstances here warrant the imposition of security for costs and attorneys' fees. Selletti's precise financial condition is unclear since he has neglected to submit any relevant information beyond his attorney's concession that Selletti "is not a wealthy man." (Liotti Aff. ¶ 5). Selletti does not controvert, however, the moving defendants' research showing that his only identifiable asset is a small parcel of land valued at $500. Moreover, Selletti's counsel suggests, in his own affirmation, that if this Court grants the application to require the posting of a bond in the amount of $250,000, Selletti will be unable to prosecute his lawsuit. (See Liotti Aff. ¶ 9). Thus, there is a serious risk that Selletti will be unable to pay the reasonable costs to which the defendants may be entitled should they prevail. *See Oilex A.G.,* 669

F.Supp. at 88; *Beverly Hills Design Studio (N.Y.),* 126 F.R.D. at 36.

█ Selletti's primary argument, that he is somehow exempt from former Local Rule 39 because he is an individual rather than a corporation, is baseless. It is clear both that courts have the authority to order individual as well as corporate plaintiffs to pay attorneys' fees and costs under the Copyright Act, *see Littel v. Twentieth Century–Fox Film Corp.,* No. 89 Civ. 8526, 1996 WL 18819 (S.D.N.Y.1996); *Agee v. Paramount Communications, Inc.,* 869 F.Supp. 209 (S.D.N.Y. 1994), and to order individual as well as corporate plaintiffs to post security bonds under Local Rule 54.2. *See, e.g., Mann v. Levy,* 776 F.Supp. 808, 814 (S.D.N.Y.1991); *Lawford v. New York Life Ins. Co.,* 739 F.Supp. 906, 919–20 (S.D.N.Y.1990).

█ Where "the merits of plaintiff's case [are] questionable," security bonds are considered appropriate. *See Spitzer,* 151 F.R.D. at 264. In a copyright infringement action, a plaintiff may prove copying indirectly by showing: (1) the defendant had access to the plaintiff's work; and (2) there exists between the two works substantial similarity of protectible expression. 3 M.B. Nimmer, *Nimmer on Copyright,* § 13.0[B] at 13–8 (1990). The plaintiff has the burden of coming forward with "significant, affirmative and probative evidence" that defendants had access to the allegedly infringed work. *See Intersong–USA v. CBS, Inc.,* 757 F.Supp. 274, 281 (S.D.N.Y.1991); *Folio Impressions, Inc. v. Byer California,* 937 F.2d 759, 765 (2d Cir.1991). Even without proof of access, a plaintiff can still prove copying if he can show that the two works are not only substantially similar, but are so strikingly similar as to preclude the possibility of independent creation. *Tuff 'N' Rumble Management, Inc. v. Profile Records, Inc.,* No. 95 Civ. 0246, 1997 WL 158364, at *4 (S.D.N.Y. April 2, 1997); *Repp v. Lloyd Webber,* 858 F.Supp. 1292, 1303 (S.D.N.Y.1994).

Here, the merits of Selletti's case are indeed questionable. Selletti's allegations in his complaint regarding Carey's and the

Sony defendants' conspiring to copy and exploit the Selletti composition are speculative at best. On this motion, Selletti has failed to come forward with any evidence whatsoever from which the moving defendants' access to the Selletti composition even can be inferred. A "bare possibility that defendant had access to the work will not suffice." *Palmieri v. Estefan,* No. 91 Civ. 3098, 1995 WL 331719, at *1 (S.D.N.Y. June 5, 1995) (citing *Repp v. Lloyd Webber,* 858 F.Supp. 1292, 1301 (S.D.N.Y.1994)). Moreover, Selletti's assertions that his composition is "virtually identical in substance" to Carey's "Hero," and that Carey "copied [his composition] in its entirety," are conclusory and unsupported on this motion by any evidence. Selletti has not submitted his own affidavit, any other affidavit on personal knowledge, a copy of his composition, or anything else to show the lyrics of his work and how they compare to Carey's "Hero." [5] As to the mysterious envelope purportedly containing a copy of the Selletti composition, Selletti has made no effort to explain why he would have mailed a copy of the composition to himself in 1989.

Finally, Selletti has failed to diligently prosecute the case. He has refused to engage in meaningful discovery. He has violated my orders. At the same time that he has sought publicity about his lawsuit, he has failed to adduce any concrete evidence to support his claims. Indeed, he provided documents to the media that he refused (until just recently) to produce in discovery. All of these circumstances suggest that Selletti has little interest in actually litigating this case. Instead, taken together, these circumstances suggest that Selletti's lawsuit is little more than a strike suit brought against potentially deep-pocket defendants. It is difficult to understand why Selletti would not have pursued this case more aggressively and produced in discovery, as required both by the Federal Rules and my orders, the evidence he contends supports his claims, if he actually had a good faith belief in the validity of those claims. For these reasons, the posting of security by Selletti is entirely appropriate.

---

5. Counsel for the moving defendants states in his own affirmation that he is in possession of a writing tape and lyric notebook that document the independent creative process of Carey and her co-writer Walter Aafanasieff. (Liebman Aff. ¶ 5).

Nonetheless, the amount of the bond should not "seriously impede" plaintiff's ability to prosecute the action. *See Mann*, 776 F.Supp. at 808 (citing *Atlanta Shipping Corp., Inc. v. Chemical Bank*, 818 F.2d 240, 251–52 (2d Cir.1987)). Accordingly, I direct Selletti to post a security bond by June 16, 1997 in the amount of $50,000 as security for the moving defendants' fees and costs in defending this case.

## B. *The Motion For Sanctions*

■ The moving defendants move for the imposition of sanctions against Selletti for his wilful and repeated violations of my discovery orders. They specifically request that I preclude Selletti from offering into evidence any of the withheld documents or information and that I impose a monetary sanction in an amount in excess of $10,000 to cover the reasonable costs and attorneys' fees incurred by defendants due to the failure of Selletti to comply with my orders. Because I find that Selletti has repeatedly and wilfully violated my discovery orders, and in so doing has frustrated the progress of this case while at the same time seeking to publicize his (thus far) unsubstantiated claims of copyright infringement, I impose a monetary sanction in the amount of $5,000 and I order that Selletti produce within seven days of the date of this decision all documents responsive to defendants' request for production of documents, together with a formal response to those requests.[6]

■ My authority to impose sanctions for disobedience of my orders in the context of discovery is clear. Rule 16(f) of the Federal Rules of Civil Procedure provides:

if a party ... fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party fails to

participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others, any of the orders provided in Rule 37(b)(2)(B), (C), (D).

Fed.R.Civ.P. 16(f). Rule 37(b)(2) provides in relevant part:

If a party ... fails to obey an order to provide or permit discovery ... the Court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

.    .    .    .    .

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order ... dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D) In lieu of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders....

Fed.R.Civ.P. 37(b)(2). Thus, when a court issues a clearly articulated order requiring specified discovery and a party fails to comply with that order, the court has the authority to impose Rule 37(b)(2) sanctions. *Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir.1991).

It is equally clear that Selletti has violated my orders. In so doing, he has hindered discovery in this case. First, he failed to respond to Carey and Sony Music's first set of interrogatories and first request for production of documents Second, Selletti violated my December 13, 1996, order that he respond by January 10, 1997 to those inter-

---

6. Selletti's counsel contends that he had no notice of the instant sanctions motion until counsel for the moving defendants "ambush[ed]" him during a conference before me on January 30, 1997. (Liotti Sanctions Aff. ¶ 3). More generally, Selletti's counsel argues that counsel for the moving defendants have been litigating this case in "bad faith," "unprofessional[ly]," and in an "underhanded nature." (Liotti Sanctions Aff. ¶¶ 3–4). These accusations are without foundation. Notice of the moving defendants' intent to

seek sanctions was given. Selletti's counsel was copied on the January 23, 1997 letter to the Court in which the moving defendants requested permission to file a motion for sanctions relating to Selletti's discovery violations, and indicated their availability for a pre-motion conference. Counsel for the moving defendants have conducted this litigation entirely properly. Only Selletti's reluctance to respond to defendants' discovery requests has hindered the progress of this case.

rogatories and document requests. Third, he violated my order that he respond by January 10, 1997 to the motion for the issuance of a security bond. Fourth, after the moving defendants consented to an adjournment to January 21, 1997 of Selletti's time to submit an opposition brief, Selletti failed to meet that deadline.[7] Fifth, Selletti did not respond to the outstanding interrogatories and document requests until the January 30, 1997 pre-motion conference. Sixth, even then the production was not complete, as Selletti did not produce a copy of the written notes shown on the November 6, 1996 Court TV telecast until last month.

The discovery Selletti failed to timely provide includes the most basic discovery materials, and the defendants are clearly entitled to it. Selletti's obstruction of discovery, in conjunction with his publicizing of this lawsuit, has unfairly prejudiced the defendants. While I am empowered to preclude Selletti from introducing designated matters into evidence, *see, e.g., Update Art, Inc. v. Modiin Publishing, Ltd.,* 843 F.2d 67 (2d Cir.1988); *Conway v. Dunbar,* 121 F.R.D. 211 (S.D.N.Y. 1988) again I will not impose this severe sanction at this point.

In view of the amount of work necessitated by Selletti's obstruction of discovery and violation of my orders, it may well be that the moving defendants incurred more than $10,000 in fees and costs in this respect, and they are entitled to at least some reimbursement of this expense. *See Summit Tax Exempt L.P. II v. Berman,* No. 88 Civ. 5839, 1989 WL 152796 (S.D.N.Y.1989) (cost of Rule 37 motion taxed against defendants who failed to provide documents or answer interrogatories or to offer objections to either demands; court stated "plaintiff shall not be forced to bear the costs of defendants' intransigence."). Nonetheless, in view of all the circumstances, I will impose a monetary sanction in the amount of only $5,000.

In addition, Selletti is directed to produce within seven days of the date of this

decision any and all documents responsive to defendants Carey and Sony Music's request for production of documents that have not yet been produced, together with a formal written response to those requests. In particular, Selletti is directed to produce the notebook in which he wrote the Selletti composition, as well as the envelope containing the copy of Selletti's composition allegedly sealed prior to Carey's composition of "Hero." The parties shall agree to a manner of production that will preserve the integrity of the evidence. In addition, Selletti's belated response to the document demand is inadequate in that he only states that to the extent documents exist and are in his possession, custody or control, they will be produced at a mutually convenient time. Selletti is ordered to respond to the specific document demands by reference to particular documents, where appropriate, and to make the documents available for inspection and copying within seven days hereof. If Selletti violates this order, I will impose more severe sanctions, including, if appropriate, dismissal of this action with prejudice.

## CONCLUSION

For the reasons stated above, relief is granted as follows: (1) Selletti is hereby ordered to post security in the amount of $50,000 by June 16, 1997; (2) a monetary sanction is imposed in the amount of $5,000 for plaintiff's discovery abuses, to be paid by plaintiff to the moving defendants within seven days of the date of this decision; and (3) Selletti is ordered to produce, also within seven days hereof, all documents responsive to the moving defendants' request for production of documents, along with a proper response thereto.

SO ORDERED.

---

7. When Selletti finally did submit his opposition to the security bond motion, he delivered to counsel for the moving defendants on January 30, 1997 and filed with the Clerk of the Court on February 14, 1997 an affirmation in opposition dated January 20, 1997. In addition to misdating his submission, Selletti filed his counsel's

affirmation without proof of service and without a memorandum of law, both of which are required under Local Rule 3. These deficiencies cannot be tolerated, and in themselves could have resulted in the grant of the motion on default. *See* Local Rule 3(b).