PFIZER, INC., Plaintiff,

v.

Y2K SHIPPING & TRADING INC., et al., Defendants.

No. CV–00–5304 (SJ)(VVP).

United States District Court, E.D. New York.

Nov. 30, 2001.

---

2. Defendants point out that an agency head is    not a proper party to an FOIA suit.

**24**

Nels T. Lippert, Peter J. McDonald, Jennifer Ann Gaeta, Hale and Dorr, LLP, New York City, for plaintiff.

Adiel Bassrey, Law Offices of Adiel Bassrey, New York City, for defendants.

### DECISION AND ORDER

POHORELSKY, United States Magistrate Judge.

■ The plaintiff in this trademark infringement action has moved, pursuant to Local Civil Rule 54.2, for an order requiring the defendants to post security for costs and attorneys fees. For the reasons below, the motion is denied.[1]

■ Local Civil Rule 54.2 provides,

The court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate. For failure to comply with the order the court may make such orders in regard to non-compliance as are just, and among others the following: an order striking out pleadings or staying further proceedings until the bond is filed or dismissing the action or rendering a judgment by default against the non-complying party.

In determining whether to order a party to file a bond pursuant to this rule, courts "generally consider (1) the financial condition and ability to pay of the party who would post the bond; (2) whether that party is a non-resident or foreign corporation; (3) the merits of the underlying claims; (4) the extent and scope of discovery; (5) the legal costs expected to be incurred; and (6) compliance with past court orders." *Johnson v. Kassovitz*, No. 97 Civ. 5789(DLC), 1998 WL 655534, *1 (S.D.N.Y. Sept. 24, 1998) (citing *Selletti v. Carey*, 173 F.R.D. 96, 100–101 (S.D.N.Y. 1997); *Bressler v. Liebman*, No. 96 Civ. 9310, 1997 WL 466553, at *3 (August 14, 1997);

---

1. Although the matter is not entirely free from doubt, the court concludes that it has authority to issue a final order regarding this issue under 28 U.S.C. § 636(b)(1)(A), rather than a recommendation under 28 U.S.C. § 636(b)(1)(B), since this is a non-dispositive pretrial matter that does not fall clearly within the exclusions of § 636(b)(1)(A). *Cf. Inter–Regional Financial Group v. Hashemi*, 562 F.2d 152, 154 (2d Cir. 1977), *cert. denied*, 434 U.S. 1046, 98 S.Ct. 892, 54 L.Ed.2d 798 (1978); *Aetna Life Ins. Co. v. Tooth Savers Dental Services*, No. 3:96 CV 570(GLG), 1997 WL 102453, *2 (D.Conn. Feb. 4, 1997).

*Livnat v. Lavi,* No. 96 Civ. 4967, 1997 WL 563799, at *3 (S.D.N.Y. Sept. 9, 1997); *Beverly Hills Design Studio v. Morris,* 126 F.R.D. 33, 36 (S.D.N.Y.1989)). Costs for which security may be ordered under this rule include attorneys' fees if a party is potentially entitled to recover such fees by statute. *See, e.g., Johnson,* 1998 WL 655534, at *1; *Bressler,* 1997 WL 466553, at *9; *Beverly Hills Design Studio,* 126 F.R.D. at 36. Courts have ordered such bonds to be filed in cases involving alleged Lanham Act violations. *See, e.g., Johnson,* 1998 WL 655534, at *1; *Beverly Hills Design Studio,* 126 F.R.D. at 36.

Consideration of the above factors does not lead conclusively to the need for an order. On the one hand, the defendants do not appear to have substantial assets and the granting of preliminary injunctive relief to the plaintiff suggests that the merits in this dispute do not favor the defendants. Moreover, the plaintiff asserts it has already incurred over $100,000 in legal fees. The plaintiff points out that the individual defendant, Rajmukar Jaisinghani recently failed to honor an order that he appear for the completion of his deposition, and that on at least one prior occasion the defendants failed to appear for a hearing before Judge Johnson regarding the preliminary injunction that was entered. On the other hand, the corporate defendant is a New York corporation and the individual defendant is a resident of New York. Discovery is near completion and in any event has not been particularly extensive. As to Mr. Jaisinghani's failure to appear for his deposition, there is considerable question whether he wilfully disobeyed the court's order. It appears that he suffered a heart attack in late July for which his physician prescribed substantial curtailment of his activities until recently, and the defendant had already appeared for a full day of deposition testimony before the heart attack. Finally, although the Lanham Act does provide for awards of attorneys' fees, such *awards* are limited to "exceptional cases," *see* 15 U.S.C. § 1117(a), and the court is not convinced that this case falls in that category.

Ultimately the court is persuaded that a bond is not appropriate on the present record because it appears that in virtually all of the cases where bonds were imposed the court's principal motivation for imposing the bond was to protect *defendants* who were faced with claims of dubious merit made by plaintiffs with no significant resources. Indeed, a number of courts have stated that the purpose of the rule is that it "assures that a *defendant* who is sued will, if successful, at least be able to recoup its costs." *Atlanta Shipping Corp. v. Chemical Bank,* 631 F.Supp. 335, 352 (S.D.N.Y.1986) (emphasis added), *aff'd,* 818 F.2d 240 (2d Cir.1987); *accord, e.g., Spitzer v. Shanley Corp.,* 151 F.R.D. 264, 267 (S.D.N.Y.1993) ("Considering the local rule and the New York statute together, judges of this court have required the posting of security bonds when plaintiffs were non-residents or foreign corporations, defendants were expected to incur significant legal costs, plaintiffs' financial condition and ability to pay were doubtful, and the merits of plaintiffs' case were questionable"); *Knic Knac Agencies v. Masterpiece Apparel,* No. 94 Civ. 1073(LMM), 1999 WL 156379, *15 (S.D.N.Y. March 22, 1999); *Livnat v. Lavi,* No. 96 Civ. 4967(RWS), 1997 WL 563799, *3 (S.D.N.Y. Sept. 9, 1997); *Beverly Hills Design Studio,* 126 F.R.D. at 36; *see also Selletti v. Carey,* 173 F.R.D. 96 (S.D.N.Y.1997). *But see Building Service 32B–J Pension Fund v. Vanderveer Estates Holding, LLC,* 115 F.Supp.2d 459 (S.D.N.Y.2000); *Drexel Burnham Lambert Group, Inc. v. Committee of Receivers for A.W. Galadari,* 810 F.Supp. 1375, 1393 (S.D.N.Y.), *rev'd on other grounds,* 12 F.3d 317 (1993), *cert. denied,* 511 U.S. 1069, 114 S.Ct. 1645, 128 L.Ed.2d 365 (1994). Here, of course, it is the plaintiff, not the defendant, who is seeking the benefit of the rule.

There is justification for distinguishing between plaintiffs and defendants in the application of this rule, as the above cases seem to recognize. There are times when defendants need protection from the machinations of overzealous plaintiffs who have claims of dubious merit and who, because they are essentially judgment proof, have no incentive to hold down the costs for which they may be held liable. In such situations, the imposition of a bond serves as a tool not only to protect the defendant but also to force the

plaintiff to make a fresh cost-benefit analysis concerning the litigation. The situation is entirely different, however, when it is the *plaintiff* who seeks to impose on a defendant of modest means the obligation to post a bond to cover the plaintiff's potential costs and attorneys' fees, the extent of which are often largely within the plaintiff's ability to control. In such a situation the court must guard against the transformation of this tool into a potentially formidable weapon for forcing a defendant into submission.[2] Indeed, in the case now before the court, where the plaintiff asserts that it has incurred attorneys' fees in excess of $100,000, requiring the defendant to post a bond in that amount could well force the defendant into a default. The court is therefore convinced that requiring a defendant to post a bond under Local Civil Rule 54.2 should be reserved for cases with circumstances more extreme than those presented here.

Accordingly, the motion seeking to require the defendants to file a bond under Local Civil Rule 54.2 is DENIED.

**SO ORDERED.**

---

**2.** The court does not intend to suggest in any way that the plaintiff here is acting improperly or in

bad faith in seeking the relief it requests.