**Jacquelyn B. N'JAI, Plaintiff,**

v.

**NEW YORK STATE HIGHER EDU-CATION SERVICES CORPORATION, Chemical Bank, Gregory Kaplan, Claims Analyst, Defendants.**

No. 02–CV–6042(ADS)(MLO).

United States District Court,
E.D. New York.

May 8, 2003.

Jacquelyn B. N'Jai, Pittsburgh, PA, Pro se.

Rosenblith & Flynn, LLP by Robert M. Rosenblith, of Counsel, New York City, for the Chemical Bank.

**ORDER**

SPATT, District Judge.

The complaint alleges that the defendants the New York State Higher Education Services Corporation (the "NYSHESC"), Chemical Bank ("Chemical") and Gregory Kaplan ("Kaplan") a Chemical employee, conspired to permit Kaplan to borrow money in the *pro se* plaintiff's name in violation of, among other things, the Fair Credit Reporting Act, 15 U.S.C. § 1681.

On October 10, 2002, the plaintiff filed a complaint against the defendants in the United States District Court for the Northern District of New York. On October 16, 2002, Chief Judge Frederick J. Scullin, Jr. *sua sponte* dismissed the action against the NYSHESC for lack of subject matter jurisdiction on the ground that the NYSHESC was entitled to absolute immunity under the Eleventh Amendment to the United States Constitution. In his order, Judge Scullin also transferred the action to the Eastern District of New York pursuant to 28 U.S.C. § 1404 on the ground that the allegations against the remaining defendants arose out of conduct that occurred on Long Island, New York.

Chemical now moves pursuant to Rule 54.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York to require the plaintiff to post a bond for costs which may be awarded to it if it prevails in this action and to stay all proceedings until a bond is posted.

Local Rule 54.2 provides in pertinent part that:

> The court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate.

Loc. R. 54.2. Generally, in ordering a bond for costs, courts consider (1) the non-movant's financial condition and ability to pay; (2) whether that party is a non-resident or foreign corporation; (3) the merits of the

action; (4) the extent and scope of discovery; (5) the expected legal costs to be incurred; and (6) the non-movant's compliance with prior court orders. *See Selletti v. Carey,* 173 F.R.D. 96, 100–101 (S.D.N.Y.1997).

Chemical argues that the plaintiff should be required to post a $5,000 bond for security for Chemical's costs based on its likely defense costs; the apparent lack of proximate causation of any act or omission of Chemical in relation to the plaintiff's damages; the apparent lack of merit of the plaintiff's claims; and its prospective difficulty in satisfying a judgment of costs against the plaintiff because she resides in Pennsylvania and has no apparent assets in New York. The plaintiff opposes the instant motion.

Requiring the plaintiff to post a bond for security of Chemical's costs is not warranted. First, Chemical has not made an adequate showing that the plaintiff will be unable to pay a judgment of costs. Chemical provides no information concerning the plaintiff's financial condition. Considering that the plaintiff paid the filing fee and that attorney's fees would not be included in a judgment of costs, there is no reason for the Court to believe that the plaintiff would not be able to pay Chemical's costs. Second, Chemical argues that the plaintiff's claims against it are without merit. However, it sets forth no reasons to support its argument. Third, Chemical's argument that depositions could cost several thousands of dollars and it may have to retain a handwriting expert is an insufficient basis to require the plaintiff to post a bond for costs. Fourth, the plaintiff has complied with all prior orders in this case and there is no reason to believe she will not continue to comply.

Based upon the foregoing, it is hereby

**ORDERED,** that the defendant Chemical Bank's motion to require the plaintiff to post a bond for costs which may be awarded to it if it prevails in this action and to stay all proceedings until a bond is posted pursuant to Rule 54.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York is **DENIED;** and it is further

**ORDERED,** that the Clerk of the Court is directed to amended the caption to reflect the dismissal of the defendant New York State Higher Education Services Corporation, as follows:

JACQUELYN B. N'JAI, Plaintiff,

v.

CHEMICAL BANK, GREGORY KAPLAN, Claims Analyst, Defendants.

and it is further

**ORDERED,** that the parties are directed to contact United States Magistrate Judge Michael L. Orenstein forthwith to set a discovery schedule.

**SO ORDERED.**